Johnson, C. J. This is a contest between a mortgagee of a personal chattel and the attaching creditors of the mortgagor. To determine the question presented properly, it will be necessary to examine the several acts relating to mortgages and attachments, and endeavor, if possible, to place such a construction upon each as will reconcile their provisions with each other, and acomplish the design of the legislature. The 1st and 2d sections of the 101st chap, of the Revised Statutes, declare that “All mortgages, whether for real or personal estate, shall be acknowledged before some person authorized by law to take the acknowledgements of deeds, and shall be recorded, if for lands, in the county or counties in which the lands lie; and if for personal property, in the county in which the mortgager resides and that “ Every mortgage, whether for real or personal property, shall be a lien on the mortgaged property from the time the same is filed in the recorder’s office for record, and not before, which filing shall be notice to all persons of the existence of such mortgage.” It is contended that, inasmuch as the mortgage, relied upon by the complainant, was not formally acknowledged before it was admitted to record, therefore it could not operate as a lien upon the property specified in it. The language of the act, it must be conceded, is exceedingly broad and .comprehensive, and if taken in a strictly literal sense, would doubtless warrant the construction contended for by the appellants. We cannot conceive that the legislature ever entertained the idea of changing, or in any manner affecting the nature of a mortgage as between the parties to the contract. The rights of tbe partios to a mortgage, whether acknowledged and recorded or not, are precisely the same that they were before the passage of the act referred to, and the only real difference consists in the fact that although actual notice may bo shown, it will constitute no answer to the demands of strangers, and that nothing short of an actual filing for record will be recognized as such a notice as to effect his rights. Under this view of the law we consider it clear, that although the mortgage was not acknowledged by the party that made it, yet this is a matter of which he could never take advantage, and that, as between the parties themselves, the lien becomes fixed and complete by the mere execution and delivery of the instrument. It will not be pretended that the mere act of placing the mortgage upon the record without the pre-requisite of an acknowledgment could place the mortgagee in a better situation than if it had never been recorded at all, as it most clearly was not in a condition to be put upon the records of the country in the absence of such acknowledgment, and consequently its being so placed there could not constitute such a constructive notice to the world as is contemplated by the act. Having thus determined the legal effect and operation of the mortgage in question as between the immediate parties to it, the only remaining point to be settled is as to its effect upon the rights of others. The appellants insist that, as their attachments were levied upon the mortgaged property before the mortgage was acknowledged and recorded, as required by the act, their rights thus acquired, take precedence of and override those of the mortgagee. This brings us to the main point in the ease, and upon its decision the whole of it must turn. The question is, whether the levy of the attachment merely changes the custody of the property from the hands of the mortgager and places it into the keeping of the law, for the purpose of confining it within the jurisdiction of the court and to abide the event of the attachment suit, though subject to the paramount rights of the mortgagee, or whether the act of levying the attachment before foreclosure and sale did not, ij)so fado, utterly oust the mortgagee of all the rights that he had acquired under the mortgage. We think it clear that the latter propositionis true. The attachments found the rights of the mortgagee in an inchoate and imperfect state, subject to be divested either by a subsequent purchaser or a judgment creditor, and transferred it into the custody of the law, with all its imperfections upon it, to await the final judgment of the law. The instant it passed into the custody of the law it went out of the reach of all persons having mere inchoate rights, and those rights,’if not utterly destroyed, must at least remain in abeyance until the property shall be legally released from the grasp of the attachment. The law regards a mortgage, which has not been ackdowledged and filed for record, as a fraud upon the rights of strangers, and consequently it will not countenance and uphold it in opposition to suchrights. If this view of the law be correct, and that it is, we think can scarcely admit of a doubt, it necessarily follows that the circuit court erred in rendering the decree which it did in this case. It is therefore ordered, adjudged and decreed, that the decree herein rendered by [the circuit court of Crawford county be and the same is hereby reversed, annulled and set aside with costs, and it is further ordered that the cause be remanded to said circuit court to be proceeded in according to law and not inconsistent with this opinion.